NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 10-4345
_____

DOROTHY AVICOLLI,
                                                            Appellant

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
a/k/a GEICO; ANGELO CARTER; CHARLES CARTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-02858)
District Judge:  Hon. Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2011

Before:  SLOVITER, FUENTES, and VANASKIE, *Circuit Judges*

(Filed: July 29, 2011)
_____

OPINION

SLOVITER, *Circuit Judge.*

Dorothy Avicolli appeals from the District Court's order granting the motion of the Government Employees Insurance Co. ("GEICO") to dismiss Avicolli's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Specifically, Avicolli challenges the District Court's conclusion that N.J. Stat. Ann. § 17:28-1.3, a New Jersey statute governing automobile insurance coverage, does not violate the Equal Protection Clause of the Fourteenth Amendment. We will affirm.

I.

Avicolli, a citizen and resident of Pennsylvania, suffered serious personal injuries after she was struck while a pedestrian in Pennsylvania by a car owned by Charles Carter and permissively operated by his son, both citizens and residents of New Jersey. Charles Carter was insured under an automobile policy issued in New Jersey by GEICO. Avicolli brought suit against the Carters for negligence, and against GEICO for bad faith and breach of contract based on GEICO's refusal to pay Avicolli personal injury protection ("PIP") benefits under the insurance policy.[1]

Avicolli received $15,000 in settlement of her claim against the Carters, the full amount of the liability coverage under the GEICO policy, while reserving her right to press her claims against GEICO for PIP benefits. Although the GEICO policy contained PIP coverage of $250,000, it excluded nonresidents of New Jersey who were injured

---

[1] New Jersey defines "[p]ersonal injury protection coverage" as the "[p]ayment of medical expense benefits in accordance with a benefit plan provided in the policy and approved by the commissioner, for reasonable, necessary, and appropriate treatment and provision of services to persons sustaining bodily injury, in an amount not to exceed $250,000 per person per accident." N.J. Stat. Ann. § 39:6A-4(a).

outside the state from receiving PIP benefits. GEICO moved to dismiss Avicolli's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Avicolli responded by arguing that the New Jersey statute, § 17:28-1.3, which requires that PIP benefits be available to pedestrians injured in New Jersey but lacks a similar mandate for pedestrians injured outside New Jersey, was unconstitutional. The District Court granted GEICO's motion, and Avicolli appeals.[2]

II.

Avicolli challenges § 17:28-1.3. That section of the statute provides in relevant part:

> Every liability insurance policy issued in this State on a motor vehicle . . . insuring against loss resulting from liability imposed by law for bodily injury, death, and property damage sustained by any person arising out of the ownership, operation, maintenance, or use of a motor vehicle . . . shall provide personal injury protection coverage benefits . . . *to pedestrians who sustain bodily injury in the State* caused by the named insured's motor vehicle . . . or by being struck by an object propelled by or from the motor vehicle . . . .

N.J. Stat. Ann. § 17:28-1.3 (emphasis added).

Avicolli argues that § 17:28-1.3 unconstitutionally deprives a pedestrian injured outside New Jersey of the equal protection of the law by precluding that pedestrian, and not a pedestrian injured in New Jersey, from receiving PIP coverage. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits a state from denying "any person within its jurisdiction the equal protection of

---

[2] The District Court had jurisdiction by virtue of the diversity of the parties under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We conduct a plenary review over a district court's grant of a motion to dismiss for failure to state a claim. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009).

the laws." Because the statute does not trammel on fundamental rights and does not draw distinctions based on inherently suspect classifications such as race, religion, or alienage, it is evaluated under rational basis review. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976); *Dyszel v. Marks*, 6 F.3d 116, 125 (3d Cir. 1993). Under this level of scrutiny, a law will be upheld if "the classification challenged [is] rationally related to a legitimate state interest." *Dukes*, 427 U.S. at 303. Put another way, "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification," the statute will survive an equal protection challenge. *Dyszel*, 6 F.3d at 125 (internal quotation omitted).

Contrary to Avicolli's characterization, § 17:28-1.3 does not prohibit insurers from offering PIP coverage to pedestrians injured outside New Jersey. Rather, it mandates that insurance policies issued in New Jersey provide PIP coverage to pedestrians injured in the state, and says nothing about pedestrians injured outside the state, leaving it to the insurer to decide whether to offer those pedestrians similar coverage.

The District Court rejected Avicolli's Fourteenth Amendment challenge to § 17:28-1.3, reasoning that there are numerous reasonably conceivable legitimate state interests that support the statutory distinction between pedestrians injured by accidents occurring within and beyond New Jersey borders. It stated:

> At the most basic level, the State of New Jersey has a legitimate interest in ensuring that individuals injured within its borders receive financial coverage for medical expenses. Furthermore, provisions such as this fit within legislative schemes that have a host of positive effects that the legislature intends when it enacts them, including the reduction of litigation costs and the affordability of coverage to its citizenry.

4

*Avicolli v. Gov't Emps. Ins. Co. et al.*, No. 2:10-cv-02858, slip op. at 14 (E.D. Pa. Oct. 27, 2010).

The District Court's analysis is persuasive. In challenging the District Court's decision, Avicolli relies on the standard enunciated in *Johnson v. Robison*, 415 U.S. 361 (1974), but the Supreme Court has since made clear that the proper standard for rational basis review is to inquire "'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Dyszel*, 6 F.3d at 125 (quoting *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)); *see also United States R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980); *Coal. for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1200 (10th Cir. 2008).

Avicolli also argues that the distinction in § 17:28-1.3 between in-state and out-of-state collisions is not rationally related to the "primary purpose" of the New Jersey Automobile Reparation Reform Act of 1972 which is to effectuate "the prompt and efficient provision of benefits for all accident victims." Appellant's Br. at 19 (citing *Gambino v. Royal Globe Ins. Cos.*, 429 A.2d 1039, 1042 (N.J. 1981) ("The reparation objective was viewed as the 'primary purpose of an automobile insurance system' . . . .") (citation omitted)); *see* N.J. Stat. Ann. 39:6A-1, *et seq*.

In so arguing, Avicolli overlooks that although *Gambino* identified the reparation objective as the primary purpose of New Jersey's automobile insurance system at the time of the legislation's enactment, New Jersey's automobile insurance laws have since been amended in an effort to reduce insurance premiums for New Jersey motorists. *See Hardy ex rel. Dowdell v. Abdul-Matin*, 965 A.2d 1165, 1170 (N.J. 2009). Indeed, §

5

17:28-1.3 was enacted as part of the New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act of 1984, the purpose of which was "the reduction in private insurance costs, not the expansion of coverage." *Id*.; *see* N.J. Stat. Ann. § 17:28-1.1, Comm. Statement to Assembly, No. 3981--L.1983, c. 362, Introductory Statement.

In light of the above, it is plain that the District Court correctly concluded that, although § 17:28-1.3 draws a distinction between in-state and out-of-state collisions, that classification is rationally related to a legitimate state interest.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.